# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1857

_____

| | | |
|---|---|---|
| Northfield Telecommunications,<br>doing business as Advanced Wireless<br>Communications, Inc., | * <br> * <br> * <br> * | |
| Plaintiff-Appellant, | * <br> * | |
| v. | * <br> * | Appeal from the United States<br>District Court for the District<br>of Minnesota. |
| Itron, Inc., | * <br> * | |
| Defendant-Appellee, | * <br> * | [PUBLISHED] |
| Slade-Bingham Partnership, LLP, | * <br> * | |
| Defendant. | * | |

_____

Submitted:  November 5, 2002

Filed:  November 18, 2002

_____

Before WOLLMAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Northfield Telecommunications, doing business as Advanced Wireless Communications, Inc. (AWC), subleased commercial real estate from Itron, Inc. On appeal, AWC argues Itron breached its contract with AWC when Itron failed

adequately to allow AWC the right of first refusal to sublease the rest of the same parcel of commercial real estate, and when Itron required AWC to pay property taxes on the subleased property. The district court[*] concluded the contract was unambiguous and granted summary judgment to Itron on the two issues before our court. We review the district court's decision in this diversity action de novo. See Marathon Ashland Petroleum, LLC. v. Int'l Bhd. of Teamsters, 300 F.3d 945, 948 (8th Cir. 2002) (standard of review).

First, we turn to AWC's right of first refusal claim. The contract unambiguously required Itron to advise AWC of its intent to sublease a portion of the commercial real estate in question. After AWC declined to exercise its right of first refusal on October 23, 2000, Itron continued its negotiations with the intended tenant, PureChoice. Itron and PureChoice entered into an agreement effective December 1, although not finalized until December 22. AWC argues that its right of first refusal was revived when some terms from the proposed sublease to PureChoice changed. We disagree. Because the final terms of the sublease between Itron and PureChoice were substantially similar to the originally proposed terms, AWC was effectively on notice about the sublease. Similarly, at no point during the negotiations was PureChoice's offer abandoned. See, e.g., L.E. Wallach, Inc. v. Toll, 113 A.2d 258, 260 (Pa. 1955) (abandoned offer may revive a right of first refusal). Further, AWC does not argue Itron's originally proposed sublease to PureChoice was made in bad faith, or otherwise intended to discourage AWC from exercising its right of first refusal. See Miller v. LeSea Broadcasting, Inc., 87 F.3d 224, 228 (7th Cir. 1996). Thus, we conclude Itron was not required to repeat its offer of first refusal to AWC, even after some details of Itron's proposed sublease changed. Itron complied with its unambiguous contractual obligation to allow AWC the right of first refusal on the space later subleased by PureChoice.

---

[*]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

Second, we review AWC's real estate tax claim. The agreement states: "minimum rent shall be absolutely triple net." Under Minnesota law, "triple net" rent is a term of art that means a tenant is required to pay a proportionate share of real estate taxes for the subleased property. See, e.g., <u>Dolan, Sexton & Heim Realty Co. v. County of Hennepin</u>, No. TC-9835, 1992 WL 114634, at *3 (Minn. Tax. Ct. 1992). We conclude this term is unambiguous and Itron did not breach the contract when it required AWC to pay a proportionate share of real estate taxes. Even if the term was ambiguous, however, trial testimony showed the parties both expected AWC would pay a proportionate share of real estate taxes on the subleased property.

For the reasons stated above, we affirm the district court's grant of summary judgment. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-